UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARKEL AMERICAN INSURANCE COMPANY, a foreign insurer,

Plaintiff,

v.

GREG STARK, an individual,

Defendant.

Case No. C17-1345 RSM

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR SERVICE

This matter comes before the Court on Plaintiff Markel American Insurance Company's Motion to Extend Time Limit for Service. Dkt. #13. Defendant Greg Stark has failed to oppose this Motion, although he has made an appearance, *see* Dkt. #5.

Plaintiff requests to extend the service deadline to October 31, 2017, citing Rule 4(m). Plaintiff's reason for this request "is to allow the parties additional time to address preliminary issues related to admiralty jurisdiction of this and a removed, related case to be consolidated with this one and then remanded in whole, in part, or not at all." Dkt. #13 at 1. Plaintiff also requests a stay of the case deadlines, including the Joint Status Report deadline. *Id*. Plaintiff attaches a declaration of counsel mentioning a related case, recently removed from state court, and that Plaintiff is opposing Defendant Stark's recently filed Motion to Dismiss (Dkt. #7) with

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR SERVICE - 1

a "cross-motion for a declaration confirming federal jurisdiction, or alternatively to sever the additional defendant from the removed case, which should still result in jurisdiction…" *Id*. at 2. The declaration also states that counsel has failed to issue a request for a waiver of service "[d]ue to these machinations…" *Id*. at 2–3.

Rule 4(m) states that service must be made within 90 days after the complaint is filed, but "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed R. Civ. P. 4(m). A plaintiff may request a waiver of service from a defendant, but must "give the defendant a reasonable time of at least 30 days after the request was sent… to return the waiver." Fed. R. Civ. P. 4(d)(1)(F).

The Complaint was filed in this case on September 7, 2017. Mr. Stark must therefore be served by December 6, 2017. By the Court's calculation, if Plaintiff requests a waiver of service and provides 30 days for its return, Plaintiff must send that request no later than the first week of November to provide Mr. Stark enough time to sign and return the waiver, or fail to do so, and for Plaintiff to then serve Mr. Stark. Given all of this, it is unclear why Plaintiff would request an extension of time at this point. These dates are not addressed in the Motion.

Furthermore, the Court finds that Plaintiff's evidence and argument fail to satisfy the good cause requirement of Rule 4(m). Mr. Stark has already made an appearance in this matter and filed a Motion to Dismiss. Plaintiff has now filed two Motions ostensibly demanding the participation of Mr. Stark, both noted prior to October 31, 2017. For Plaintiff to forego serving Defendant while so demanding his participation in this litigation is nonsensical.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion (Dkt. #13) is DENIED.

//

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR SERVICE - 2

DATED this 13th day of October 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR SERVICE - 3