UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>GREG STARK, an individual,<br><br>Defendant. | Case No. C17-1345RSM<br><br>ORDER STAYING CASE |

## I. INTRODUCTION

This matter comes before the Court on Defendant Greg Stark's Motion to Dismiss or Stay Action (Dkt. #7), Plaintiff Markel American Insurance Company ("Markel")'s Motion to Consolidate Cases (Dkt. #16), Markel's Counter-Motion for Declaration of Jurisdiction (Dkt. #18), and Mr. Stark's Motion for Relief from Deadlines (Dkt. #23). The Court has determined that oral argument is unnecessary. For the reasons below, the Court agrees with Mr. Stark that a stay of this case is warranted, GRANTS his Motion to Dismiss or Stay Action, and DENIES as moot all other pending Motions.

//

//

ORDER STAYING CASE - 1

## II. PROCEDURAL BACKGROUND

This case concerns a dispute over an insurance policy issued by Plaintiff Markel to Defendant Stark, covering a 1960 Chris Craft vessel that was destroyed in a fire on May 21, 2017. Dkt. #1 at 2; *see also* Dkt #9-1.

On September 5, 2017, Mr. Stark initiated a state court action in King County Superior Court against Markel and another defendant, Degginger McIntosh & Associates, Inc. ("DMA") for reformation of the Markel Policy. *See* Dkt. #9-1.

Two days after Mr. Stark filed suit in state court, Markel filed the instant action, seeking declaratory judgment that there is no coverage under the Markel Policy and that the policy should not be equitably reformed. Dkt. #1. On October 5, 2017, Markel removed Mr. Stark's state court action to this Court in Case No. 2:17-cv-1498-RSM. Mr. Stark filed a Motion to Remand in that case, which the Court granted. *See* Case No. 2:17-cv-1498-RSM, Dkt. #19. That Order sets forth additional factual background and addresses many of the same legal issues raised by the parties in this case. *See id*.

In this action, meanwhile, the parties have filed several motions. The Court will first address Defendant Stark's Motion to Dismiss or Stay Action, Dkt. #7.

## III. DISCUSSION

### A. Motion to Dismiss or Stay Action

"Although courts usually avoid duplicative litigation when similar cases are pending in two different *federal* courts, '[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the *state* court is no bar to proceedings concerning the same matter' in a federal court." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 974-975, (9th Cir. 2011) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.

Ct. 1236, 47 L. Ed. 2d 483 (1976)) (internal quotation marks omitted) (emphasis in original). A district court has discretion to dismiss or stay a federal declaratory judgment action when "the questions in controversy… can better be settled in" a pending state court proceeding. *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). The Court reaffirmed this principle in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995), holding that a district court may decline to entertain a federal declaratory judgment action when state court proceedings "present[] opportunity for ventilation of the same state law issues." The Ninth Circuit has allowed district courts broad discretion on this issue "as long as it furthers the Declaratory Judgment Act's purpose of enhancing judicial economy and cooperative federalism." *R.R. St. & Co.*, 656 F.3d at 975. In *Brillhart*, the Court articulated three factors that courts should consider when examining the propriety of entertaining a declaratory judgment action: "avoiding needless determination of state law issues; discouraging forum shopping; and avoiding duplicative litigation." *Id.*

Defendant Stark argues that the issue in this case, whether the Policy should be reformed, is governed exclusively by state law. Dkt. #7 at 6 (citing *Washington Mut. Sav. Bank v. Hedreen*, 125 Wn.2d 521, 886 P.2d 1121 (1994) (setting forth one standard for reforming a contract under Washington law); *Schmidt v. Am. Commerce Ins. Co.*, No. C11-1457 MJP, 2011 WL 5570306, at *2 (W.D. Wash. Nov. 16, 2011) ("[E]specially in the area of insurance law, the scales tip in favor of state court determination."); *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321 (1955) (holding that marine insurance contracts are governed by state law); and *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991) (abstaining where "this case involves insurance law, an area that Congress has expressly left to the states

through the McCarran–Ferguson Act")). Mr. Stark argues that his other claims brought in the parallel state court action arise exclusively under Washington law. Mr. Stark also argues that Markel is engaging in forum shopping, citing communication between the parties prior to filing and the fact that the state court action is not properly removable to federal court. *Id*. at 7–8. Mr. Stark argues that litigating this declaratory judgment action will result in duplicative and piecemeal litigation. *Id*. at 8–9.

In Response, Plaintiff Markel argues that this action is based on exclusive federal jurisdiction and is neither reactive nor duplicative. Dkt. #18 at 15.[1] Markel discusses how communications between counsel prior to Mr. Stark's state court action indicate that Markel intended to file suit, and that it is really Mr. Stark who has been reactive or duplicative. *Id*. Markel repeats arguments about exclusive federal jurisdiction that the Court has addressed in the Order remanding the state court action in Case No. 2:17-cv-1498-RSM. *Id*. at 16 – 17. Markel addresses the *Brillhart* factors above. Markel argues that even if this action required the Court to determine major issues of state law, it "should be retained to avoid piecemeal litigation." *Id*. at 18. Markel discusses the prejudice it faces by being forced to try the instant claims before a jury in state court. Markel argues that the Court should enter a stay, rather than a dismissal, arguing that it would be prejudiced "as the state court does not have jurisdiction over the maritime contract reformation claim." *Id*. at 25.

On Reply, Mr. Stark discusses the duplicative nature of this case, stating, "[n]ot only is the reformation claim presented in Markel's Declaratory Judgment Action the mirror image of

---

[1] Markel also brings a "Counter Motion" in the same filing as the Opposition. Dkt. #18 at 1. Mr. Stark argues that this is procedurally improper under Local Rule 7. Dkt. #28 at 3–4 (citing *Collins v. I.R.S.*, C07-0289RSL, 2007 WL 1217722, at *1 (W.D. Wash. Apr. 23, 2007)). Mr. Stark argues that this Counter Motion is "in reality an opposition to the Motion to Remand currently pending [in Case No. 2:17-cv-1498-RSM]…" *Id*. at 4. The Court generally agrees with Mr. Stark, and finds that in any event the arguments raised by Markel have been sufficiently addressed in the Court's Order granting the Motion to Remand. *See* Case No. 2:17-cv-1498-RSM, Dkt. #19. Considering all of this, the Court will not address the merits of Markel's Counter Motion and will deny it consistent with the Court's prior Order.

ORDER STAYING CASE - 4

Mr. Stark's claim for reformation, every other claim Mr. Stark presents in his State Court Action arises from the same series of transactions or occurrences." Dkt. #33 at 3. Mr. Stark argues that it would be inefficient and prejudicial to require him to proceed in federal court on the reformation claim while at the same time "leaving to the state court the related issues of Markel's liability under the CPA and [DMA]'s liability for breaches of its professional and fiduciary obligations." *Id*. at 3–4. Mr. Stark argues that where his State Court Action can afford more complete relief against the parties than Markel's single duplicative reformation claim, abstention is particularly appropriate. *Id*. at 4 (citing *John Deere Ins. Co. Through Int'l Specialty v. Smith Lighterage Co.*, 948 F. Supp. 947, 950 (W.D. Wash. 1996)). Mr. Stark argues that the state court could bifurcate the trial if necessary to avoid prejudicing Markel. *Id*. at 4 n.4. With regard to the "needless determination of state law issues" *Brillhart* factor, Mr. Stark argues:

> Markel presents no federal statute or authority that addresses reformation of a marine insurance policy under federal law. Nor does it make any effort to contend that a straightforward insurance contract reformation question will benefit from the need for uniformity in the admiralty practice. *See* Dkt. No. 21. Instead, Markel implicitly concedes that state law applies by citing exclusively to Washington state law in its analysis of the reformation claim. *See* Dkt. No. 18 at pp. 9, 21 (citing *Carew, Shaw & Bernasconi v Gen. Cas. Co. of Am.*, 189 Wn. 329, 335, 65 P.2d 689 (1937); *see also* Dkt. No. 18 at p. 9, 21 (citing *Nat'l Reserve Ins. Co. of Illinois v. Scudder*, 71 F.2d 884, 886 (9th Cir. 1934) (applying state law to analyze reformation claim)).

*Id.* at 6–7. Mr. Stark reiterates that this Court does not have exclusive jurisdiction over the claims at issue, and generally summarizes all the arguments he has made previously in this and the parallel case. Finally, Mr. Stark indicates that he does not oppose Markel's request for a stay rather than a dismissal of this case. *Id.* at 8 n.8.

ORDER STAYING CASE - 5

The Court agrees that Markel relies on the same arguments about exclusive federal jurisdiction that were made in Case No. 2:17-cv-1498-RSM. The Court in that case rejected those arguments, finding that Markel failed to acknowledge the controlling law cited by Mr. Stark, and that the Court did not have exclusive federal jurisdiction over the claim at issue. Examining the *Brillhart* factors, the Court finds that a stay of this action is appropriate because the question in controversy involves state law issues which need not be determined in duplicate by this Court. *See R.R. St. & Co.*, 656 F.3d at 975. While it is debatable whether Mr. Stark or Markel engaged in forum shopping or duplicative efforts by fighting over who would file first, the fact of the matter is that Mr. Stark filed his state court action first. Furthermore, for all the reasons cited by Mr. Stark, the claims against Markel and DMA belong in state court. The Court does not believe Markel will be unduly prejudiced by proceeding in state court, where discovery can proceed in a single case, but trial could proceed separately by bifurcation, if the parties request it and the state court agrees. Markel has not set forth a persuasive reason to enter a stay instead of dismissal, however the Ninth Circuit has indicated that a stay is preferred. *See Attwood v. Mendocino Coast District Hospital*, 886 F.2d 241 (9th Cir. 1989); *R.R. St. & Co.*, 656 F.3d at 978 n.8. The Court believes that a stay furthers the Declaratory Judgment Act's purpose of enhancing judicial economy and cooperative federalism. *See R.R. St. & Co.*, 656 F.3d at 975. Given all of this, the Court will issue a stay in this action.

**B. All Other Motions**

Given the stay imposed in this action, the Court need not address pending deadlines. This ruling, and the ruling by the Court in Case No. 2:17-cv-1498-RSM (Dkt. #19) render Markel's Motion to Consolidate and Cross-Motion moot.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Defendant Stark's Motion to Dismiss or Stay Action (Dkt. #7) is GRANTED. The Court shall STAY in this matter pending the outcome of the parallel state court action, Case No. 17-2-23240-8 SEA in King County Superior Court. All deadlines in this matter are STRICKEN.

2. The parties shall promptly notify the Court of any material change to the status of the state court action through the filing of a Joint Status Report setting forth a basis to resolve or proceed with this case.

3. If the parallel state court action, Case No. 17-2-23240-8 SEA, has not been resolved as of one year of the date of this order, the parties shall submit a Joint Status Report at that time indicating the status of the case and setting forth a plan for the continual submission of periodic Joint Status Reports.

4. Plaintiff Markel's Motion to Consolidate Cases (Dkt. #16) and Cross-Motion for Declaration of Jurisdiction (Dkt. #18), and Mr. Stark's Motion for Relief from Deadlines (Dkt. #23) are DENIED as moot.

DATED this 9th day of November 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER STAYING CASE - 7